**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVE WHITE, and DEANNA WHITE,
his wife,

        Plaintiffs,

vs.                                Case No. 3:13-cv-765-J-99TJC-PDB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## ORDER

This case is before the Court on plaintiffs' Motion for Remand to State Court (Doc. 11) and defendant's Response (Doc. 14). Plaintiffs Steve White and Deanna White contend this case should be remanded because defendant State Farm Mutual Automobile Insurance Company has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

**I.    Background**

Plaintiffs filed a Complaint against defendant on January 22, 2013, in the Circuit Court of the Fourth Judicial Circuit for Duval County, Florida. (Doc. 1 pp. 1-2). According to the Complaint, plaintiffs were injured in a car accident with an underinsured motorist, Matthew White. (Doc. 2 p. 2). At the time of the collision, Plaintiffs had a $250,000 "uninsured/underinsured motorist" policy with defendant. (Doc. 2 p. 2). Plaintiffs allege that defendant breached the parties' insurance contract by refusing to pay under the policy after plaintiffs accepted a settlement offer from Matthew White's insurance company. (Doc. 2 p.

3). Plaintiffs claim damages including bodily injury and resultant pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical care, loss of earnings, loss of ability to earn money, aggravation of a pre-existing condition, and loss of consortium. (Doc. 2 p. 3-4). The Complaint lists the damages as "exceeding $15,000." (Doc. 2).

On May 30, 2013, plaintiffs filed a Motion for Leave to File Amended Complaint ("Motion to Amend"), which included a copy of the proposed Amended Complaint as an attachment. (Doc. 4). Plaintiffs sought leave to add a count for declaratory relief, and the proposed Amended Complaint stated that plaintiffs' damages and injuries would exceed the $250,000 policy limit.[1] (Doc. 4-1). Defendant filed a Notice of Removal on July 1, 2013.[2] (Doc. 1). Plaintiffs filed for leave to withdraw the Motion to Amend on July 9, 2013 (Doc. 8), and the Magistrate Judge then denied the Motion to Amend as moot (Doc. 10).

## II. Standard

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For this Court to have original jurisdiction over the present state-law claims there must be complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Because the parties do

---

[1] In the added count for declaratory relief plaintiffs state that their injuries are "far in excess of the aggregate insurance proceeds . . . including the $250,000 in underinsured motorist coverage provided by Defendant." (Doc. 4-1 p. 4). Plaintiffs also amended their first count to add that plaintiffs' injuries are "in excess of the aggregate limits of all available insurance, including that available to the Plaintiffs' UIM policy." (Doc. 4-1 p. 3).

[2] This Notice was filed timely because the thirtieth day for removal fell on a weekend.

not dispute that they are citizens of different states, the only relevant issue is whether the amount in controversy exceeds $75,000.  As the party seeking removal, defendant bears the burden of establishing jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).  "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  Because removal jurisdiction raises significant federalism concerns, "[t]he removal statute should be construed narrowly with doubt construed against removal."  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action by filing a notice of removal within thirty days of receipt of the initial pleading.  If the case is not removable based on the initial pleading, the defendant may file a notice of removal within 30 days of receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3).  The case law suggests that the timing of removal affects what evidence a defendant may provide to meet his burden and the level of inference a court may accord that evidence.  See Hallmeyer v. Gateway Clippers LLC, No. 8:12-cv-2876-T-30TBM, 2013 WL 268643, at *1 (M.D. Fla. Jan. 24, 2013) (noting the distinction made by four Eleventh Circuit cases). A defendant who removes based on the initial pleading may submit a wider range of evidence, such as a defendant's own affidavit, and courts may make "reasonable inferences" and use "common sense" to determine whether the jurisdictional

threshold has been met. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 & 770 (11th Cir. 2010); Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010).

Alternatively, the standard set forth in Lowery governs cases such as the present one, where removal is based on a document received after initial service of the complaint. Hallmeyer, 2013 WL 268643, at *1. Under Lowery "the court considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213. "The district court has before it only the limited universe of evidence available when the motion is filed - i.e., the notice of removal and accompanying documents." Id. at 1214. "Labels and unsupported legal conclusions will not carry the day." Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2001 WL 36518834, at *1 (citing Williams, 269 F.3d at 1319-20). Thus, removal based on the initial pleading thus provides a "much wider entry into federal court" than removal based on a later-received document.[3] Rola v. Wal-Mart Stores, Inc., No. 6:11-cv-468-Orl-28DAB, 2011 WL 3156672, at *6 (M.D. Fla. June 29, 2011) (citation omitted).

### III.   Analysis

Although defendant has removed the case based on plaintiffs' Motion to Amend,

---

[3] Even though the Eleventh Circuit discussed the ability to use common sense and make inferences in cases removed on the initial pleading, some Middle District of Florida courts have also applied that language in cases where removal is based on a later-received document (as it is here). See Middleton v. State Farm Auto. Ins. Co., No. 3:11-cv-1052-J-37JBT, 2012 WL 230025, at *3 (M.D. Fla. Jan. 25, 2012); Lawrence v. Home Depot, U.S.A., Inc., No. 3:11-cv-724-J-32MCR, 2011 WL 6155793, at *2 (M.D. Fla. Dec. 12, 2011). This Court agrees with that approach.

defendant also points to plaintiffs' pre-suit demand letter, a "vague" response to defendant's Request for Admission that damages are less than $75,000, and their refusal to argue that damages are less than $75,000, to support its burden.  (Doc. 14).  Before substantively weighing defendant's evidence, however, the Court must address two different issues concerning whether it may even consider plaintiffs' Motion to Amend in the analysis (which includes, importantly, the attached proposed Amended Complaint).

The first issue is whether plaintiffs' post-removal withdrawal of the Motion to Amend prohibits the Court from relying on it as evidence of the amount in controversy.  Though the Magistrate Judge has since denied the Motion to Amend as moot, remand is determined by the evidence available at the time of removal.  See Martin v. Food Lion, LLC, No. 5:06-cv-136-Oc-10GRJ, 2007 WL 604953 at *4 (M.D. Fla. Feb. 22, 2007);  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("The critical time is the date of removal."). "[E]vents occurring after removal . . . do not oust the district court's jurisdiction." Poore v. American-Amicable Life Ins. Co. Of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled on other grounds); see Shear Healthcare Resources v. TNI, Inc., No. 94-572-CIV-T-17-C, 1994 WL 383936, at *2 (M.D. Fla. July 15, 1994) (holding that a plaintiff cannot destroy jurisdiction by amending a pleading after removal to allege an amount in controversy less than the jurisdictional minimum).  Courts cannot divest themselves of jurisdiction, even if both parties later stipulate after removal that the jurisdictional threshold has not been met. Copeland v. Auto-Owners Ins. Co., No. 6:13-cv-70, 2013 WL 5355008, at *1 (S.D. Ga. Sept. 24, 2013) ("The Court . . . is not overly concerned with what the parties now have agreed to because [t]he existence of federal jurisdiction . . . is tested at the time of removal.") (internal

5

quotations omitted). Thus, plaintiffs' post-removal withdrawal of the Motion to Amend does not prevent the Court from relying on it as evidence of the amount in controversy.

The second issue involves the Court's ability to consider the Motion to Amend as evidence of the amount in controversy when the state court had not yet ruled on it before removal. It is really a procedural issue of timeliness (though neither party addressed it)[4], and district courts in this Circuit have taken two different approaches.[5]  Under the first approach, courts hold that the thirty-day removal period in § 1446(b)(3) begins when the state court has granted a plaintiff's motion to amend, thus making any proposed amended complaint the operative complaint. See, e.g., Barwick v. Eslinger, No. 6:12-cv-635-J-37DAB, 2012 WL 1656736, at *2 (M.D. Fla. May 10, 2012); Long v. FIA Card Serv., N.A., No. 2:12-cv-14-FtM-UASPC, 2012 WL 2370218, at *3 (M.D. Fla. April 11, 2012); Jackson v. Bluecross and Blueshield of Georgia, Inc., No. 4:08-cv-49 (CDL), 2008 WL 4862686, at *2-3 (M.D. Ga. Nov. 10, 2008); Wood v. Lanett, 564 F. Supp. 2d 1317, 1320 (M.D. Ala. 2008). In those cases the motion to amend cannot be used as evidence of jurisdiction before the state court grants it, and removal before that time is premature. Courts reasoned that the state judge may deny the motion to amend, resulting in no addition of federal claims, and removing before then would ignore the statutory language that removal is appropriate "when

---

[4] Whether removal is timely is a procedural, rather than substantive, question. Though the Court may not *sua sponte* remand a case for a procedural defect, "once a motion to remand is filed, the Court may consider procedural defects in the removal," even when plaintiff has not raised the issue. See Sprockett v. Advance/Newhouse Partnership, No. 8:10-cv-1418-T-24TGW, 2010 WL 2949327, at *2 (M.D. Fla. July 26, 2010).

[5] The Eleventh Circuit has declined to rule on the issue directly. Eparvier v. Fortis Ins. Co., No. 07-14923, 2008 WL 2253064, at * 4 (11th Cir. June 3, 2008).

the case is or has become removable, not [when] it may sometime in the future become removable if something happens . . . ." See Barwick, 2012 WL 1656736 at *2 (citing Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998)); see also Long, 2012 WL 2370218 at *3 (finding this outcome consistent with Murphy Bros., Inc. v. Michetti Pipe String, Inc., 526 U.S. 344, 350 (1999), which held that for cases removed on the initial pleading, the thirty-day time limit is triggered when formal service occurs and not upon receipt of a courtesy copy of the complaint).

Under the second approach, courts hold that the thirty-day removal period is triggered when defendant receives the motion to amend, and removal is not predicated on the state court's disposition of the motion. See, e.g., Williams v. Heritage Operating, LP, Inc., No. 8:07-cv-977-T-24MSS, 2007 WL 2729652, at *2 (M.D. Fla.Sept. 18, 2007); Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1358 (S.D. Fla. 1998). Here, defendant removed before the state court ruled on the Motion to Amend. Though the district court in Jackson concluded, based on the number of decisions from other Circuits, that the "majority rule" requires the state court to rule on the motion before removal, those cases and the ones cited herein were based on circumstances that are distinguishable from the present facts. Jackson, 2008 WL 4862686 at *2.

When removal is predicated on a motion to amend and proposed amended complaint, there is an important distinction between removing under federal question jurisdiction versus diversity jurisdiction:

> "[A] proposed amended complaint asserting a new federal claim is not sufficient [for removal] because until the state court grants leave to file . . . there is not a federal claim actually pending - and thus no original

7

> jurisdiction in the federal courts.  On the other hand, a defendant may learn of a plaintiff's intention to seek damages in excess of $75,000 through a proposed amended complaint, and the case may become removable before the state court rules on the motion for leave to file the proposed amended complaint. [R]emovability is different when the basis for removal is federal question jurisdiction as opposed to diversity jurisdiction."

Donnelly v. Parkland, No. 12-60015-Civ, 2012 WL 253212, at *1 (S.D. Fla. Jan. 26, 2012).

Many of the cases in which the federal court required that the state court rule on the motion to amend before removal were based on federal question jurisdiction. See Sullivan, 157 F.3d at 1094; Jackson, 2008 WL 4862686 at *1; Wood, 564 F. Supp. 2d at 1319; Donnelly, 2012 WL 253212 at *1; Barwick, 2012 WL 1656736 at *1; Desmond v. BankAmerica Corp., 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000). Additionally, the cases in which federal courts applied the same requirement to removal under diversity jurisdiction are factually distinguishable from the present.  In those cases, for the amount in controversy to exceed $75,000 and provide federal jurisdiction, action by the state court was still required. See Long, 2012 WL 2370218 at *1 (seeking leave to include punitive damages under Fla. Stat. § 768.72); Lahey v. State Farm Mut. Auto. Ins. Co., No. 8:06-cv-1949-T27-TBM, 2007 WL 2029334, at *1 (M.D. Fla. July 11, 2007) (seeking leave to add a separate statutory bad faith claim after a jury awarded a verdict in favor of plaintiff in an underlying suit for uninsured/underinsured motorist benefits).

Here, plaintiffs stated twice in the proposed Amended Complaint that their damages exceed the policy limits of $250,000.  (Doc. 4-1).  Plaintiffs' ability and intention to seek that amount of damages is not affected by the state court's disposition of the Motion to Amend. This is particularly so when plaintiffs not only stated the amount of damages in the count for

declaratory judgment (which was not in the original Complaint), but also added the same to their existing breach of contract claim (which was in the original Complaint). "The language of the removal statute . . . states that '[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days of receipt by the defendant, *by service or otherwise*, of a *copy* of an amended pleading, *motion*, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable.'" Williams, 2007 WL 2729652 at *2 (emphasis in original) (citation omitted). Plaintiffs' assertions are essentially just statements in support of a motion for leave to amend, and "under the motion portion of 1446(b), the ultimate disposition of the motion is irrelevant . . . . [T]he litigation status of the movant, as well as the content of the motion, informs the analysis of whether the motion discloses that 'the case is one which is or has become removable,' thereby triggering the right to remove." Engle v. R.J. Reynolds Tobacco Co., 122 F. Supp. 2d 1355, 1361 (S.D. Fla. 2000). Thus, defendant timely removed within thirty days of receiving the Motion to Amend. The Court may therefore consider the Motion to Amend and other relevant evidence in determining whether defendant has met its burden.

As already noted, plaintiffs state twice in their proposed Amended Complaint that their damages exceed $250,000, and assert an array of harms, such as bodily injury, loss of consortium, and loss of ability to earn money. (Doc. 4-1). These allegations alone are likely enough to satisfy defendant's burden of proving by a preponderance of the evidence that the amount in controversy is greater than $75,000. Even so, the remaining evidence further supports the conclusion that federal jurisdiction exists. Defendant also relies on plaintiffs'

pre-suit demand letter seeking the full $250,000 under the policy at issue.[6]  Though a pre-

suit demand letter for the policy limits may sometimes reflect only "puffing and posturing,"

it may be used to supplement other evidence of the amount in controversy when it details

some of plaintiff's injuries and expenses.[7]  Lutins v. State Farm Mut. Auto. Ins. Co., No.

3:10-cv-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010) (citation omitted).

Here, the letter describes some of Mr. White's injuries to his neck and back and discusses

part of his pain management therapy, such as receiving regular lesioning treatments.  (Doc.

14-1).  The letter lists $18,000 in past medical expenses and estimates that plaintiff will incur

between $60,000 and $90,000 in future medical expenses.  (Doc. 14-1).  This alone asserts

---

[6] Defendant references the pre-suit demand letter in its Notice of Removal, but it did not attach a copy of the letter until it filed its Response to plaintiffs' Motion to Remand.  (Doc. 14-1).  Though the Court should look only to the Notice of Removal and accompanying documents to determine jurisdiction, defendant's failure to attach the letter to the Notice of Removal will not prevent the Court from relying on it, particularly when the Court may consider information submitted after removal if it relates to the existence of jurisdiction at the time of removal.  Exum v. State Farm Fire & Cas. Co., 821 F. Supp. 2d 1285, 1294 (M.D. Ala. 2011).  Additionally, a pre-suit demand letter is appropriate evidence to consider when removal is based on a later-received document (as it is here), despite the fact that there are more limitations on the evidence a defendant may provide.  See A.W. ex rel. Willis v. Wal-Mart Stores East, LP, No. 6:12-cv-1166-Orl-36DAB, 2012 WL 5416530, at *6 (M.D. Fla. Oct. 5, 2012); Wilson v. Target Corp., No. 10-80451-CIV, 2010 WL 3632794, at *3 (S.D. Fla. Sept. 14, 2010) ("Target was justified in seeking record confirmation [through discovery] . . . that the amount in controversy actually exceeded the jurisdictional amount . . . . If Wilson is urging this Court to consider her pre-suit demand as posturing or puffing, there is no just reason for Target to have considered the demand, in and of itself, sufficient notice that the amount in controversy exceeded $75,000.00.").

[7] Defendant states that it did not initially remove the case based only on the letter because defendant considered it "mere puffery," as the medical records attached to the letter did not indicate how plaintiffs' counsel arrived at its estimate for future medical expenses (Doc. 14 p. 4-5)).  Defendant did not attach the supporting medical records so the Court cannot evaluate that assertion.  Plaintiff does not deny it, but instead agrees with defendant that the letter was indeed "mere puffery."  (Doc. 11 p. 3).

at least $78,000 in damages, and does not include any estimates relating to other damages that plaintiffs claim, including lost earnings and loss of the ability to earn money.[8] (Doc. 2).

Defendant finally asserts that plaintiffs have failed to argue that their claims do not exceed $75,000. (Doc. 14). To show that damages are less than $75,000 plaintiffs highlight their response to a Request for Admission by defendant, in which plaintiffs object to defendant's request, do not actually admit or deny that damages exceed $75,000, but then state that "[P]laintiff's economic damages are currently significantly less than $75,000 and Plaintiff's non-economic damages are not subject to any exact standard." (Doc. 11 p. 8). It is not clear what plaintiffs include in their definition of economic damages, and their assertion appears inconsistent with the other evidence presented. A "plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." Diaz, 2010 WL 6793850, at *3 (citation omitted); see Wilson, 2010 WL 3632794 at *4 (finding plaintiff's refusal to admit damages as a "deliberate attempt to circumvent a federal forum" when considered in conjunction with a pre-suit demand letter detailing over $100,000 in medical expenses). Plaintiffs' refusal to admit as much is especially worth consideration when plaintiffs left their Motion to Amend (with the $250,000 damages allegation) undisturbed in state court for more

---

[8] The Complaint asserts that plaintiffs received a settlement offer from Matthew White's insurance company, and the demand letter apparently reveals that sum to be $25,000. (Doc. 2 p. 3; Doc. 14-1). Though plaintiff does not use this fact to assert that the amount in controversy is below $75,000, it is worth pointing out that the settlement does not impact the present analysis because "the allegation of a partial payment would only entitle defendant to a set-off, which is irrelevant in determining the amount in controversy." Lopez v. Lexington Ins. Co., No. 2:12-cv-525-FtM-29DNF, 2013 WL 1365723, at *3 (M.D. Fla. April 4, 2013) (citations omitted).

than thirty days after filing it, but then sought leave to withdraw it one week after defendant removed the case.

## IV.     Conclusion

Based on the totality of the evidence, the Court finds that defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of November, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

K.
Copies:

counsel of record